UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-06874 DMG (CWx)** | Date | August 22, 2012 |
|---|---|---|---|

| Title | *Edgar Edusada v. Bank of America, N.A., et al.* | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE TRANSFERRED TO THE SOUTHERN DISTRICT OF CALIFORNIA**

  Before this Court is a complaint by Plaintiff Edgar Edusada, seeking relief from Defendant Bank of America, N.A.. The complaint raises claims for unfair competition, Cal. Bus. & Prof. Code § 17200 *et seq*., and false and misleading advertising, Cal. Bus. & Prof. Code § 17535, arising out of Defendants' allegedly false advertisements regarding a hiatus on foreclosure sales. On August 9, 2012, Defendant removed this action from the Los Angeles County Superior Court based on diversity jurisdiction. According to the allegations in the complaint, Plaintiff's property is located in San Diego and Defendant is a Delaware business entity with its principal place of business in North Carolina. (Complt. ¶ 4 [Doc. # 1].)

Federal venue law provides that a civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-06874 DMG (CWx) | Date | August 22, 2012 |
|---|---|---|---|
| Title | *Edgar Edusada v. Bank of America, N.A., et al.* | Page | 2 of 3 |

has authority on its own motion to decide the venue issue and to dismiss the action before a responsive pleading is filed. See *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

The parties are hereby **ORDERED TO SHOW CAUSE** why this action should not be transferred to the United States District Court for the Southern District of California for the convenience of the parties and witnesses, and in the interest of justice. *See* 28 U.S.C. §§ 124(a), 1404(a). All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence. To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

(1) Whether this action could have been brought in the Southern District of California;

(2) Whether venue is appropriate in the Southern District of California;

(3) What contacts, if any, each of the parties has to the Central District of California and to the Southern District of California. The parties should include information such as the location of their residence, administrative offices, real property, sources of revenue, and points of public contact;

(4) What connection Plaintiffs' causes of action have to the Central District of California and to the Southern District of California;

(5) Which witnesses are expected to be called and where they reside;

(6) The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District of California as compared to the Southern District of California;

(7) The ease of access to sources of proof in each of the two forums;

(8) The expected difference in the cost of litigation in the Central District of California as compared to the Southern District of California; and

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-06874 DMG (CWx)** | Date | August 22, 2012 |
| Title | *Edgar Edusada v. Bank of America, N.A., et al.* | Page | 3 of 3 |

(9)  Whether there are any alternative forums, other than the Central District of California or the Southern District of California, that would be more convenient for this action and why, keeping in mind the inquiries above.

The parties shall file a response to this Order, in writing not to exceed 15 pages, no later than **September 5, 2012**.  Failure to timely respond to this Order will result in the transfer of this action.

**IT IS SO ORDERED.**