O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-06874 DMG (CWx)** | Date | April 23, 2013 |
|---|---|---|---|

| Title | *Edgar Edusada v. Bank of America, N.A. et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION [DOC. # 25, 26]**

On April 3, 2013, Plaintiff Soledad Corona filed the operative First Amended Complaint against Defendant Bank of America, N.A., raising claims for violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, violation of the False Advertising Law, Cal. Bus. & Prof. Code § 17500, and fraud, [Doc. # 23]. On April 18, 2013, Plaintiff filed an *ex parte* application to amend her complaint, seeking to add two new plaintiffs to a proposed second amended complaint to which Defendant had stipulated. [Doc. # 25, 26.][1]

The Federal Rules explicitly authorize parties, for good cause, to seek relief via an *ex parte* application for expedited ruling rather than through a regularly scheduled motion. Fed. R. Civ. P. 6(c); *see generally Mission Power Eng'g Co. v. Cont'l Cas. Co.,* 883 F. Supp. 488, 492-93 (C.D. Cal. 1995) (discussing proper use of the *ex parte* procedure). To justify *ex parte* relief, an applicant must make two separate showings. "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power*, 883 F. Supp. at 492. An *ex parte* application "is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!,'" justifying the need for the Court to drop everything and allow the *ex parte* applicant to "cut in line" in front of every other litigant. *Id.*; *see also* Initial Standing Order at 9 [Doc. # 7].

Here, Plaintiff's counsel has not attempted to satisfy either prerequisite. As Plaintiff's counsel points out herself, there is no trial date, and the motion for class certification has not

---

[1] Doc. # 26 is a corrected version of Doc. # 25. Attached to the *ex parte* application as Exhibits 3 and 4 is a "Stipulation for Order Granting Leave to File Second Amended Class Action Complaint" and a proposed order. That stipulation and proposed order shall not be acted upon until the parties file it as a free-standing document on the docket, rather than as an exhibit, and submit the proposed order in a manner consistent with the Initial Standing Order [Doc. # 7 at 8].

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-06874 DMG (CWx)** | Date | April 23, 2013 |
|---|---|---|---|
| Title | *Edgar Edusada v. Bank of America, N.A. et al.* | Page | 2 of 2 |

been filed yet. (Decl. of Lenore Albert ¶ 3 [Doc. # 26]). There simply is no crisis justifying an *ex parte* application.

Even were there a crisis to justify the application, Plaintiff has failed to comply with the Local Rules. In particular, Local Rule 7-19 provides as follows:

> An application for an ex parte order shall be accompanied by a memorandum containing, if known, the name, address, telephone number and e-mail address of counsel for the opposing party . . . .

C.D. Cal. L.R. 7-19. Local Rule 7-19.1 further requires the applicant to:

> advise the Court in writing of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application or has requested to be present when the application is presented to the Court.

C.D. Cal. L.R. 7-19.1. Plaintiff's application makes no mention of defense counsel's contact information and no mention whatsoever of efforts to contact opposing counsel to determine whether Defendant would oppose the application.

Therefore, Plaintiff's *ex parte* application is **DENIED** without prejudice to the filing of a stipulation or a properly noticed motion. Plaintiff's counsel shall read the *Mission Power* case to familiarize herself with the proper use of an *ex parte* application.

**IT IS SO ORDERED.**